**DICKSON et al., Appellees,**

v.

**SCHREIBER et al.; Motorists Mutual Insurance Company, Appellant.**

[Cite as *Dickson v. Schreiber* (1999), 133 Ohio App.3d 738.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 98–L–050.

Decided June 14, 1999.

*James K. Farrell,* for appellees.

*George W. Lutjen* and *Marc A. Sanchez,* for appellant.

NADER, Judge.

Defendant-appellant, Motorists Mutual Insurance Company ("Motorists Mutual"), appeals from a summary judgment by the Lake County Court of Common Pleas, granted in favor of plaintiffs-appellees, Michael Dickson, Catherine Dickson, and Kenneth Dickson.

Motorists Mutual issued an insurance policy to Catherine Dickson for a 1993 Plymouth Voyager in October 1992. The policy included uninsured motorists coverage. An endorsement was made to the policy on October 10, 1992, which stated:

"It is agreed that such insurance afforded by the policy shall not apply with respect to any automobile or its use while such automobile is being operated by the following designated individual: MICHAEL DICKSON."

Both Catherine and Michael Dickson signed the driver exclusion agreement.

On July 22, 1996, Michael Dickson sustained serious injury when defendant Donna Schreiber allegedly failed to yield at a stop sign and struck his motorcycle

at the intersection of Clover Avenue and Tyler Boulevard in Mentor, Ohio. On December 5, 1996, appellees filed a lawsuit in which Michael Dickson sought damages for personal injury, and his wife, Catherine Dickson, and their son, Kenneth Dickson, sought damages for loss of consortium. Appellees also sought a declaratory judgment that Donna Schreiber is an underinsured motorist and that appellees are entitled to underinsured motorists coverage under Catherine Dickson's policy with Motorists Mutual.

On July 11, 1997, appellees filed a motion for summary judgment on their declaratory judgment cause of action. Appellant responded to appellees' motion for summary judgment by arguing that the named-driver exclusion included in Catherine Dickson's policy barred appellees from receiving underinsured motorists coverage for claims arising out of Michael Dickson's accident. On November 4, 1997, the trial court denied appellees' motion for summary judgment on the grounds that their underinsured motorists coverage equalled Donna Schreiber's policy limits, and thus appellees were not entitled to underinsured motorists coverage. On November 12, 1997, appellees filed a motion to reconsider summary judgment. On December 22, 1997, the trial court granted appellees' motion for reconsideration and granted their motion for summary judgment against appellant, determining that appellees are entitled to underinsured motorists coverage because Donna Schreiber's policy only provides $50,000 of liability insurance to cover appellees' claims and appellees' policy contains $100,000 in underinsured motorists coverage. The trial court further determined that the named-driver exclusion did not apply to Michael Dickson, in this instance, because he was injured while riding a motorcycle, and the exclusion only referred to automobiles.

Appellant's sole assignment of error alleges:

"The trial court erred in granting summary judgment in favor of the plaintiffs on the grounds that the named driver exclusion contained in the Motorists Mutual Policy did not apply if the named driver was operating a motorcycle."

In appellant's sole assignment of error, it alleges that the trial court erred by granting summary judgment in favor of appellees on the grounds that the named-driver exclusion in Catherine Dickson's policy did not apply if the named-driver was operating a motorcycle. The named-driver exclusion provides:

"It is agreed that such insurance afforded by the policy shall not apply with respect to any automobile or its use while such automobile is being operated by the following designated individual: MICHAEL DICKSON."

Appellant did not define "automobile" and the term "automobile" does not unambiguously include a motorcycle. This case is similar to *Roy v. State Farm Mut. Auto. Ins. Co.* (1982), 8 Ohio App.3d 368, 370, 8 OBR 481, 483, 457 N.E.2d

344, 347, which held that a clause excluding "non-owned automobiles" from coverage by an uninsured motorists provision of an insurance policy did not work to exclude nonowned motorcycles because the term "automobile" is ambiguous.

"Appellant had both the capacity and the opportunity to exclude from coverage liability incurred as the result of its named insured's operation of a motorcycle. This could have been accomplished either explicitly, by using the term 'motorcycle' in the policy in language indicating exclusion, or implicitly, by defining 'non-owned automobile' * * *. Instead, appellant chose to define 'non-owned automobile' in a manner in which it is not clear that a motorcycle was intended to be excluded from the meaning of its policy." *Id.*

Because the term "automobile" is ambiguous in this context, the trial court properly construed this term strictly against Motorists Mutual. "[P]olicies of insurance, which are in language selected by the insurer and which are reasonably open to different interpretations, will be construed most favorably for the insured." *Butche v. Ohio Cas. Ins. Co.* (1962), 174 Ohio St. 144, 146, 21 O.O.2d 418, 420, 187 N.E.2d 20, 22. The trial court did not err by determining that the named-driver exclusion did not apply when Michael Dickson was operating a motorcycle.

Appellant's sole assignment of error has no merit.

For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.